## Kelly *versus* Marshall *et al.*

1. Kelly being drafted, paid $300 commutation-money; an Act of Assembly required school directors to levy a tax and repay him. The township had offered no bounty. The payment by Kelly was personal and for his own, not for the public relief; the act was therefore inoperative, and the directors could not be compelled to repay him.

2. Hilbish *v.* Catherman, 14 P. F. Smith 154, remarked on.

October 5th 1871. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Allegheny county*: No. 60, to October and November Term 1870.

On the 24th of February 1870, James Kelly presented a petition to the Court of Common Pleas, setting out that he resided in

Hampton township in July 1864, he had been drafted into the service of the United States, and having reported to the provost-marshal was mustered into the army on the 21st of July 1864; that on the same day he paid to the collector of internal revenue $300 commutation-money; that on the 2d of April 1869, the legislature of Pennsylvania passed a law authorizing and requiring the board of school directors of Hampton township to levy and collect a tax sufficient to pay him the sum of $300 with interest from the time he paid that sum to the collector of internal revenue for commutation when he was drafted, "the township authorities having for said draft filled the quota thereof by means of a tax levied and collected for that purpose except as to one man, and the said Kelly having been drafted to fill that deficiency"—that the act further required the school directors to make the payment "out of any surplus bounty funds unappropriated, but if there are no such funds, then they shall levy and collect a special tax for that purpose." The petitioner averred that he, after the passage of the act, had given the school directors notice of his claim and of the Act of Assembly, but they had refused to pay him or to levy and collect a tax for the purpose. The prayer was that a mandamus issue to James Marshall and others, the school directors of Hampton township, commanding them to pay the $300 with interest as directed by the Act of Assembly.

A rule was accordingly granted on the school board to show cause why a peremptory mandamus should not issue to them to make the payment.

The school directors, March 12th 1870, in answer to the rule, averred amongst other things that the Act of Assembly was unconstitutional and void.

On the same day the court (Stowe, J.) awarded a peremptory mandamus, saying:—

"While we are of the opinion that the Act of Assembly is unconstitutional, we think that the question under the circumstances of this case should be determined by the Supreme Court, and not by us."

The respondents removed the case to the Supreme Court and assigned the judgment of the Court of Common Pleas for error.

*A. M. Brown,* for plaintiff in error, cited Baggs's Appeal, 7 Wright 512; Norman *v.* Heist, 5 W. & S. 171; Tyson *v.* Halifax Township, 1 P. F. Smith 9.

*A. M. Watson,* for defendant in error.

The opinion of the court was delivered, October 16th 1871, by
AGNEW, J.—The farthest point reached by this court on the subject of military bounties is to be found in Hilbish *v.* Cather-

[Kelly *v.* Marshall.]

man, 14 P. F. Smith 154. We there held that an excess of $150 over $400 per man allowed by law to be paid to procure enlistments in relief of the public from the draft, could be required by the legislature and authorized to be refunded to the subscribers; the money having been paid in ease of the district, and for a public useful purpose. Taxes being the revenue collected from the people for objects in which they are interested and conducive to their welfare, in principle there cannot be a difference between a precedent authority to pay for such a public object, and a subsequent recognition of the same thing. But we said that could we look upon taxation to pay bounties to volunteers to relieve the township from a draft as the application of public moneys to *private* ends, we would agree that the principles decided in Norman *v.* Heist and like cases, would forbid the application of the revenue to the payments in the case of Hilbish *v.* Catherman. We said that it could not be doubted that the legislature cannot take the property of one man and give it to another; it cannot tax the public to give the revenue to a wholly private object, nor tax a few to perform a general public work. This is the distinction which we think must govern the case now before us. The township of Hampton offered no bounty, and the petitioner paid none. He was duly drafted, accepted, and ordered to be mustered into service and paid a *commutation* under the Act of Congress for exemption from service. The whole affair was personal to himself, and for his own relief. He but performed an individual duty which fell upon himself. He owed the service by reason of the draft and order to muster in, and simply commuted it with money. It was not a measure of public relief, but a private exchange of one thing for another. He acted not under the state law, but accepted an alternative offered him by the federal law, and did nothing and offered nothing for the benefit of the community beyond the line of his legal duty. The order of the court below is therefore reversed, and the petition for mandamus dismissed at the cost of James Kelly the petitioner.

Judgment accordingly.